# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Basil Jacob Kyles, ) | |
| ) | Civil Action No. 6:13-cv-02235-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Kenny Atkinson and Alex A. Chartier, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Basil Jacob Kyles ("Plaintiff") filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971),[1] alleging violations by Defendants Kenny Atkinson, Warden of the Federal Correctional Institution at Edgefield, South Carolina, ("FCI Edgefield") and Alex A. Chartier, the Supervisory Chaplain of FCI Edgefield, (collectively "Defendants") of his First Amendment rights and the Religious Freedom Restoration Act ("RFRA") due to denial of the opportunity to properly worship under the tenets of his faith. (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 23).[2]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On May 21, 2014, the magistrate judge issued a Report of the Magistrate Judge ("Report"), recommending the court grant Defendants' motion. (ECF No. 37.) This review considers Plaintiff's Objections to Report

---

[1] The Supreme Court established a cause of action against federal officials for violations of federal constitutional rights in *Bivens.* A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Butz v. Economou,* 438 U.S. 478, 504 (1978).

[2] The magistrate judge evaluated Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 23) as a motion for summary judgment. (*See* ECF No. 37 at 4). The court agrees that Defendants' motion should be construed as such.

1

and Recommendation of Magistrate Judge ("Objections"), filed June 2, 2014.  (ECF No. 39.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report.  The court thereby **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES** Plaintiff's Complaint.  (ECF No. 1.)

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own.  However, a recitation of the relevant facts and procedural history is warranted.

Plaintiff is incarcerated at FCI Edgefield, serving a 262-month term of imprisonment. (ECF Nos. 44 at 1, 37 at 2.)  Plaintiff alleges Defendants have violated his First Amendment rights and the RFRA by denying him the opportunity to properly worship as a Hebrew Messianic Yisraelite.  (ECF No. 1-1 at 2-3.)  Plaintiff seeks $250,000 in damages from each defendant.  (*Id.* at 13.)

Due to limited time and resources available at FCI Edgefield, the Religious Services Department determined worship services and other religious accommodations for Hebrew Messianic Yisraelites would be provided under the umbrella of Judaism, as the faiths are similar. (ECF No. 37 at 3.)  As such, Plaintiff was offered the opportunity to join those of the Jewish faith in services welcoming in the Sabbath on Friday evenings.  (*Id.*)  Plaintiff declined to join in these services, and was informed he could perform his religious observance as an individual practitioner, which would allow him to receive books and other religious items and to practice religious observances without interference.  (*Id.*)

After Plaintiff made his initial requests for accommodation of his faith, the Hebrew

2

Messianic Yisraelite group at FCI Edgefield grew, and the Religious Services Department reserved a space for the group to conduct services in the chapel area from 2:00 to 3:00 p.m. on Saturdays.  (*Id.*)  Beginning January 2013, FCI Edgefield provided the Yisraelite group space in the chapel area to conduct a separate Sabbath service on Friday evenings.  (*Id.* at 3-4.)

Plaintiff exhausted his administrative remedies regarding his claims prior to filing his Complaint on August 19, 2013.  (ECF 23 at 3; *see also* ECF No. 1-2.)  Plaintiff disputes that the Hebrew Messianic Yisraelite and Jewish faiths are similar.  (ECF No. 30 at 3.)  He contends that Defendants substantially burdened the exercise of his religion by only allowing him to bring in the Sabbath in a combined service with the Jewish inmates (ECF No. 30 at 6) and to practice this service alone would also violate Plaintiff's First Amendment rights.  (ECF No. 39 at 3.)  Plaintiff further argues that providing a separate place for Yisraelite worship on Saturday afternoon, rather than Friday evening, violated his rights.  (ECF No. 1-1 at 9.)  Plaintiff also disputes Defendants' claim that he was the sole Hebrew Messianic Yisraelite at the time of his initial requests for accommodation.  (*Id.* at 8.)

On November 19, 2013, Defendants filed a Motion to Dismiss, or in the Alternative, For Summary Judgment.  (ECF No. 23.)  Plaintiff filed a response in opposition to the motion on January 6, 2014.  (ECF No. 30.)

The magistrate judge issued the Report on May 21, 2014, recommending Defendant's Motion for Summary Judgment be granted.  (ECF No. 37.)  The Report concluded that Plaintiff's claims under the First Amendment and the RFRA failed, as Plaintiff had not shown that Defendants substantially burdened the exercise of his religion.  (*Id.* at 6.)  As the magistrate judge explained, under the Free Exercise Clause of the First Amendment, a plaintiff can establish a claim if he shows (1) that he has a sincerely held religious belief and (2) that the defendant's

actions substantially burdened the plaintiff's religious expression.  (*Id.* at 5-6 (citing *Blue v. Jabe,* 996 F. Supp 499, 502 (E.D. Va. 1996)).)  Further, the RFRA "prohibits '[g]overnment from 'substantially burden[ing]' a person's exercise of religion even if the burden results from a rule of general applicability unless the government can demonstrate the burden '(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling governmental interest.' " (*Id.* at 6 (quoting *City of Boerne v. Flores,* 521 U.S. 507, 515-16 (1997).)  The magistrate judge found that as Plaintiff was offered multiple options to practice his religion and could provide no evidence as to how he was burdened other than his own conclusions, he could not make a showing that Defendants had placed a substantial burden on the exercise of his religion.  (*Id.* at 6-9.)

Further, the magistrate judge found that even if Plaintiff could make a showing that Defendants had substantially burdened the exercise of his religion, summary judgment would still be appropriate under *Tuner v. Safley,* 482 U.S. 78 (1987).  (ECF No. 37 at 9.)  In *Turner*, the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner,* 482 U.S. at 89.  To determine the reasonableness of a challenged prison regulation, the *Turner* Court outlined four factors to consider: (1) there must be a valid, rational connection between the regulation and the legitimate government interest put forth to justify it, (2) if there are alternative means of exercising the right that remain open to prisoners, (3) what impact accommodation of the asserted right will have on guards, other inmates, and on the allocation of prison resources, and (4) whether there are alternatives available that fully accommodate the prisoner's rights at *de minimis* cost to valid penological interests.  *Id.* at 89-90.

The Report concluded that Plaintiff's claim fails under this four factor test. (ECF No. 37 at 9-11.) The Federal Bureau of Prisons Program Statement 5360.09, Religious Beliefs and Practices, provides inmates of all faiths reasonable and equitable opportunities to practice their religions within the constraints of budgetary and security concerns. (*Id.* at 10.) The magistrate judge found controlling prison costs to be a compelling government interest. (*Id.*) As FCI Edgefield has three chaplains to serve approximately 1,800 inmates, the magistrate judge found it would be impractical to provide time and space for separate religious services when a similar faith group had time and space already scheduled. (*Id.*) Further, the magistrate judge found Plaintiff was afforded multiple alternative options to practice his religion, and that Defendants made additional accommodations for the Hebrew Messianic Yisraelite as the group grew in size, indicating the Defendants utilized the least restrictive means to accommodate Plaintiff. (*Id.* at 10-11.)

The Report further concluded that Defendant Atkinson is entitled to summary judgment on the basis of supervisory liability, as Plaintiff could not make a showing that "(1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to people like the plaintiff, (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an 'affirmative causal link' between the supervisor's inaction and the plaintiff's constitutional injury." (*Id.* at 12.) Finally, the Report concluded Defendants are entitled to qualified immunity, as Plaintiff could not establish the threshold finding that Defendants deprived Plaintiff of "an actual constitutional right" to defeat the immunity protecting government officials performing discretionary functions from civil damage suits as long as their conduct does not "violate clearly established rights of which a

reasonable person would have known." (*Id.* at 12-13 (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).)

Plaintiff filed his Objections on June 2, 2014. (ECF No. 39.)

## STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must set forth specific facts

demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Anderson,* 477 U.S. at 252; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson,* 477 U.S. at 249 (quoting *First Nat. Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 288-89 (1968)). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Anderson,* 477 U.S. at 248.

As Petitioner is a pro se litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

Plaintiff objects to the Report, in part, on the grounds that the magistrate judge based his recommendation solely on Defendant's version of the facts, which "fail to support law or facts for the motion for [summary] judgment to be granted." (ECF No. 39 ¶ 2.) Plaintiff's numerous objections revolve largely on the characterization and practices of his faith. (*Id.* ¶ ¶ 3-5, 10, 12-14.) These objections, however, are either bare statements of a burden imposed by Defendants or are not material to Plaintiff's claim.

Plaintiff repeatedly offers arguments differentiating his faith from the Jewish faith and reiterates that these differences demonstrate a burden imposed by Defendants on his exercise of religion due to the offer to worship alongside the Jewish congregation at FCI Edgefield.

7

However, Plaintiff fails to specify precisely how these differences in faith burden his exercise of religion. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis,* 53 F.3d at 62.

The material facts in this case pertain to Plaintiff's alleged burden under the Free Exercise Clause and to the *Turner* factors. In his Response in Opposition to Motion to Dismiss or in the Alternative, Summary Judgment, Plaintiff stipulates to Defendants' Statement of Facts in the Motion for Summary Judgment. (ECF No. 30 at 2.) These facts address the limited resources of the Religious Services Department at FCI Edgefield and the impracticality of providing separate services for a group as small as Plaintiff's at the time of his initial request due to those limited resources. (*Id.* at 3-5.) The Statement of Facts also lists the accommodations Defendants made to Plaintiff's exercise of his religion, as well as alternatives offered to Plaintiff. (ECF No. 23 at 4-5.) The facts further note that the accommodations to Plaintiff's faith increased as the size of the Hebrew Messianic Yisraelite congregation grew. (*Id.* at 4.) Under these facts, as the magistrate judge discussed, Defendants can make the required showings under the *Turner* analysis. (*See* ECF No. 37 at 10-11.)

As Plaintiff can provide no support other than his own conclusions that Defendants' actions burdened the exercise of his religion, and as Plaintiff has stipulated to the material facts under the *Turner* analysis, Plaintiff cannot show a genuine dispute of material facts, and therefore Defendants are entitled to summary judgment.

**Qualified Immunity**

Plaintiff correctly states in his Objections that "[t]here is no immunity protection for government officials who violate clear constitutional rights[.]" (ECF No. 39 at 4.) However, as discussed, the facts do not support Plaintiff's claim of a constitutional violation, and thus do not

meet the threshold question in qualified immunity analysis. *See Wilson,* 526 U.S. at 609. Therefore, the court concurs with the magistrate judge that Defendants are entitled to the protection of qualified immunity.

**Supervisory Liability**

Plaintiff offers no objection to the portion of the Report recommending summary judgment be granted to Defendant Atkinson on the basis of supervisory liability. In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Therefore, after a thorough and careful review of the Report and the record regarding this issue, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendation.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the magistrate judge and the record in this case, the court **ACCEPTS** the Report of the magistrate judge (ECF No.37). It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED** and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*[Signature: J. Michelle Childs]*

United States District Judge

August 26, 2014
Columbia, South Carolina